IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY PRATT, | : | Civil No. 3:19-cv-342 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CLAIR DOLL, | : | |
| Respondent | : | |

## MEMORANDUM

### I. Background

On February 21, 2019, Petitioner, Henry Pratt, a native and citizen of Liberia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). In the petition, Petitioner requested an individualized bond hearing or release from custody. (*Id.* at p. 5). At the time his petition was filed, Petitioner was detained at the York County Prison, in York, Pennsylvania.

On April 1, 2020, Respondent filed a suggestion of mootness stating that Petitioner was released on his own recognizance due to COVID-19. (Doc. 10; *see also Thakker, et al. v. Doll, et al.*, No. 20-cv-480, Doc. 47 (M.D. Pa. Mar. 31, 2020)). Respondent argues that the habeas petition is therefore moot. (*Id.*). In an effort to ascertain the custodial status of Petitioner, the Court accessed the United States Immigration and Customs Enforcement Online Detainee Locator System, which revealed that Petitioner is no longer in the custody

of that agency.[1]  For the reasons set forth below, the Court will dismiss the habeas petition as moot.

II.  Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).  "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."  *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)).  Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought.  *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Petitioner's continued detention pending removal.  (*See* Doc. 1).  Because Petitioner has since been released from ICE custody, the petition no longer presents an existing case or controversy.  *See Diaz-Cabrera*,

---

[1]  Upon entering Petitioner's alien registration number, 075555747, and his country of birth, Liberia, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Consequently, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

          *s/ Robert D. Mariani*_____
          Robert D. Mariani
          United States District Judge

Dated: April 2, 2020